IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

      Plaintiff,                    No. 2:12-cv-01179 MCE KJN PS

      v.

BOARD OF ADMINISTRATION,
CAL PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

      Defendant.              ORDER
_____/

        Presently before the court is plaintiff's motion for entry of a default judgment by the Clerk of Court, filed pursuant to Federal Rule of Civil Procedure 55(b)(1) and seeking a judgment for "a sum certain or a sum that can be made certain by computation."[1]  Plaintiff seeks a judgment "in the amount of $1,568,410.50 and a monthly pension of $3,612.69 starting from January 2012 accruing and accumulating."  (Motion at 2; see also Barroga Decl. at 1.)

        In short, the court finds that plaintiff does not seek a sum certain or a sum that can be made certain by computation.  Among other things, the exhibits attached to plaintiff's declaration consist of an unsworn analysis and table prepared by plaintiff, which do not establish

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff's entitlement to the judgment and ongoing payments sought.  Accordingly, plaintiff's motion is denied.

In addition to denying plaintiff's motion for a Rule 55(b)(1) judgment by default, the court also vacates the Clerk's Certificate of Entry of Default filed on June 11, 2012 (Dkt. No. 7).  Despite the entry of default by the Clerk, plaintiff did not properly serve defendant with the summons and complaint.  Plaintiff represents that *he* personally served defendant with process (Dkt. No. 4), but a party cannot effectuate personal service of process under Federal Rule of Civil Procedure 4.  See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint") (emphasis added).  Accordingly, service of process was not proper, and plaintiff was not entitled to the Clerk's entry of default in the first place.  Failure to properly serve defendant also supports denial of the motion for a default judgment.[2]

There are a host of other problems with plaintiff's lawsuit.  Among other problems, it appears from plaintiff's complaint and attached exhibits that he has been litigating

---

[2] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment.  See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).  A clerk's entry of default may be set aside as void when default was entered in the absence of proper service of process.  See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (holding that because service of process on a party in an earlier action against whom a default judgment was entered was not proper, the default judgment in the earlier action was void and had no preclusive effect in the present action); accord James v. Scribner, 415 Fed. Appx. 835, 836 (9th Cir. 2011); see also Banks v. ACS Educ., No. 10cv1886-BTM (CAB), 2011 WL 811601, at *1 (S.D. Cal. Mar. 2, 2011) (unpublished) ("Improper service of the complaint presents good cause to set aside entries of default."); Warren v. City of Grass Valley, No. 2:10-CV-1650-JAM-EFB, 2011 WL 596707, at 1-2 (E.D. Cal. Feb. 9, 2011) (unpublished) (setting aside entry of default on the basis of insufficient evidence of proper service of process); Arthur Court Designs, Inc. v. Jensen, No. C-09-0584 EMC, 2009 WL 2157544, at *4 (N.D. Cal. July 20, 2009) (unpublished) (same); Van Dyke v. N. Leasing Sys., Inc., No. CIV.S. 07-1877 FCD GGH PS, 2009 WL 1396193, at *3 (E.D. Cal. May 14, 2009) (unpublished) ("The court finds that NLS has shown good cause for setting aside the clerk's entry of default due to defective service."), adopted by 2009 WL 2044254 (E.D. Cal. July 13, 2009); cf., Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer *to a properly served complaint* will justify the entry of a default judgment" (emphasis added).).

this same claim for retirement benefits since the early 1990s in both the Los Angeles County Superior Court ("Superior Court") and the United States District Court for the Central District of California ("Central District").[3]  It also appears that plaintiff unsuccessfully appealed various adverse decisions made by the Superior Court and the Central District all the way to the California Supreme Court and the U.S. Supreme Court, both of which denied review.  Accordingly, the court is significantly concerned that this case is barred by claim or issue preclusion.  See, e.g., Barroga v. Bd. of Amin. of Cal. Employees' Retirement Sys., 235 Fed. Appx. 414, 415 (9th Cir. 2007) ("The district court properly concluded this action was barred by res judicata because it restated claims raised in Barroga's prior lawsuits seeking pension benefits from CalPERS.").  However the court need not resolve the question of claim or issue preclusion at this time because service of process was not proper at the outset of this case.

        For the foregoing reasons, IT IS HEREBY ORDERED that:

        1.    Plaintiff's motion for entry of a default judgment by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(b)(1) (Dkt. No. 8) is denied.

        2.    The Clerk of Court is directed to vacate the Clerk's Certificate of Entry of Default filed on June 11, 2012 (Dkt. No. 7).

        IT IS SO ORDERED.

DATED: July 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The exhibits to plaintiff's complaint reflect that while proceeding in the Central District, plaintiff was declared a vexatious litigant and was denied leave to file a new complaint in that court nearly a dozen times, and as recently as February 27, 2012.