IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

        Plaintiff,                    No. 2:12-cv-01179 MCE KJN PS

       v.

BOARD OF ADMINISTRATION,
CAL PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

        Defendant.              <u>ORDER</u>

        In an order filed July 5, 2012, the court denied plaintiff's motion for default judgment and directed the Clerk of Court to vacate the previously entered clerk's entry of default.[1] (Order, July 5, 2012, Dkt. No. 9.) The court took such actions on the basis of defects in plaintiff's service of the summons and complaint on defendant.[2]

        On July 12, 2012, plaintiff filed another motion for default judgment (Dkt. No. 11), which is presently before the court. The court denies plaintiff's motion for default

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Also on July 5, 2012, plaintiff filed a proof of service form, which represents that plaintiff served his first motion for default judgment on defendant by mail (Dkt. No. 10). The proof of service form does not address service of the summons and complaint.

1

judgment without prejudice for the following reasons.

First, plaintiff's motion for default judgment does not cure the defects in service raised by the court in its July 5, 2012 order. Plaintiff's motion restates that plaintiff served the summons and complaint on defendant on May 2, 2012, but the court already found the May 2, 2012 service defective. (<u>See</u> Order, July 5, 2012, at 2.) Although plaintiff appended a proof of service form to his motion for default judgment, that proof of service form only represents that plaintiff served the motion for default judgment on defendant—it says nothing about proper service of the summons and complaint. Accordingly, plaintiff's motion for default judgment is denied for lack of proper service of process.

Second, plaintiff did not obtain a clerk's entry of default before filing his motion for default judgment. As the court previously advised plaintiff in great detail, he must first obtain a clerk's entry of default prior to moving for a default judgment. (Order, July 5, 2012, at 2 & n.2.) Because no effective clerk's entry of default appears on the court's docket, plaintiff's motion for default judgment is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for default judgment (Dkt. No. 11) is denied without prejudice.

IT IS SO ORDERED.

DATED: July 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE