IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

       Plaintiff,                                 No. 2:12-cv-01179 MCE KJN PS

       v.

BOARD OF ADMINISTRATION,
CAL PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

       Defendant.                      RESPONSE TO PLAINTIFF'S RECENT FILINGS
_____/

        In an order filed July 5, 2012, the court denied plaintiff's motion for default judgment and directed the Clerk of Court to vacate the previously entered clerk's entry of default.[1]  (Order, July 5, 2012, Dkt. No. 9.)  On July 16, 2012, the court denied plaintiff's second motion for default judgment without prejudice to the refiling of a procedurally proper motion that also substantiated proper service of process on defendant.  (See Order, July 16, 2012, Dkt. No. 12.)  Neither of these orders ruled on the merits of plaintiff's claims, and plaintiff has not been precluded from properly pursuing defendant's default in this case, which plaintiff appears to have been litigating in various courts for nearly 20 years.  (See Order, July 5, 2012, at 2-3.)

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  On July 18, 2012, plaintiff filed a response to the court's orders filed July 5, 2012, and July 16, 2012, wherein plaintiff asserts that the undersigned magistrate judge lacked jurisdiction to rule on plaintiff's motions for default judgment because plaintiff did not consent to the jurisdiction of a magistrate judge (Dkt. No. 13).  Plaintiff filed a similar document on August 6, 2012 (Dkt. No. 16).  However, neither filing takes the form of a motion or request for reconsideration, and there does not appear to be any request for relief stated in either document.

To be clear, regardless of plaintiff's consent to the jurisdiction of a magistrate judge, the undersigned has jurisdiction to rule on plaintiff's pretrial motions pursuant to Local Rule 302(c)(21) because plaintiff is proceeding without counsel, and rulings disposing of plaintiff's claims will proceed by the issuance of findings and recommendations, see Local Rule 304.  Here, plaintiff's claims remain completely in tact, and his motions were denied without prejudice on procedural grounds.  Additionally, even if plaintiff were represented by counsel, the undersigned still has jurisdiction to rule on plaintiff's motions for default judgment pursuant to Local Rule 302(c)(19).  Accordingly, plaintiff's argument regarding a magistrate judge's jurisdiction is misplaced.

DATED: August 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2