1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUCIO A. BARROGA,

11              Plaintiff,              No. 2:12-cv-01179 MCE KJN

12          v.

     BOARD OF ADMINISTRATION CAL
13   PUBLIC EMPLOYEES' RETIREMENT
     SYSTEM,                            FINDINGS AND  RECOMMENDATIONS
14              Defendant.
     _____/
15

16          Presently before the undersigned is the Board of Administration for the California

17   Public Employees' Retirement System's ("defendant") motion to dismiss plaintiff Lucio

18   Barroga's ("plaintiff") complaint on grounds that (1) plaintiff's claims are barred by the doctrine

19   of claim preclusion/res judicata and (2) this court lacks subject matter jurisdiction because

20   defendant is entitled to immunity under the Eleventh Amendment of the United States

21   Constitution.  (Dkt. No. 21.)  Plaintiff, who is proceeding without counsel in this action, filed a

22   written opposition to the pending motion to dismiss.[1]  (Dkt. No. 23.)  Also before the

23   undersigned are plaintiff's recent filings, styled as "Plaintiff's Motion for Judgment on the

24   Pleadings to be Heard Concurrently With Defendant's Motion to Dismiss" (Dkt. No. 28) and a

25   "Request for Observance of Cal. Code Of Civ. Proc. Sec. 1062.5(2) For Precedence

26

     _____

          [1]   This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    Consideration Of Case" (Dkt. No. 29).

2         This matter came on for hearing on October 18, 2012.  Plaintiff appeared on his

3    own behalf.  Attorney Brenda Ann Ray of the Attorney General's Office for the State of

4    California appeared on behalf of defendant.

5         The undersigned has fully considered the parties' briefs and the appropriate

6    portions of the record in this case and, for the reasons stated below, recommends that defendant's

7    motion to dismiss be granted and that this action be dismissed with prejudice.  Defendant is a

8    state agency with immunity from private suit under the Eleventh Amendment and plaintiff has

9    not plausibly alleged a waiver of such immunity.  Accordingly, the Eleventh Amendment bars

10   plaintiff's claims against defendant.  Defendant argues in the alternative that plaintiff's claims

11   are barred by the doctrine of claim preclusion given the California state court system's resolution

12   of plaintiff's prior lawsuit, Barroga v. Board of Administration, Public Employee's Retirement

13   System, Super. Ct. No. KC003981 ("Barroga I").  This alternative argument is not well-taken,

14   due solely to the fact that defendant has not made the requisite showing under the correct

15   "primary rights" standard for claim preclusion in this case.

16   I.    BACKGROUND[2]

17        A.    The Earlier Action

18             In Barroga I, plaintiff filed a complaint in California Superior Court against the

19   present defendant, CalPERS, wherein plaintiff sought relief in connection with defendant's

20   alleged refusal to grant plaintiff retirement benefits to which plaintiff claimed he was entitled.

21   (Dkt. No. 1 at 31-32.)  The trial court entered judgment on the pleadings against plaintiff,

22

23             [2]  The facts regarding the earlier action are taken from plaintiff's complaint and the
     documents plaintiff has attached to his complaint as exhibits.  The undersigned's consideration
24   of this information is proper in assessing defendant's motion to dismiss.  See Haskell v. Time,
     Inc., 857 F. Supp. 1392, 1396 (E.D. Cal. 1994) ("Ordinarily, a motion to dismiss . . . is addressed
25   to the four corners of the complaint without consideration of other documents or facts outside of
     the complaint. . . . [T]he complaint is deemed to include any documents attached to it as exhibits
26   as well as any documents incorporated into the complaint by reference.").

1    agreeing with defendant that the sole remedy available was a petition for administrative

2    mandamus and not a lawsuit for damages.  (Id. at 52.)  Plaintiff then unsuccessfully sought

3    reconsideration of the trial court's determination.  The court had dismissed plaintiff's case on

4    procedural grounds because his "only remedy was a petition for a writ of mandamus, rather than

5    a complaint for breach of contract and fraud."  (Id. at 35.)  Plaintiff failed to file a timely appeal.

6    (Id. at 36.)  Instead, he filed several ineffectual post-judgment motions in trial court.  (Id.)  The

7    California Court of Appeal affirmed the trial court's judgment against plaintiff on the grounds

8    that it lacked jurisdiction to review the case because plaintiff's filing was untimely.  (Id. at 36-

9    37.)  Plaintiff appealed to the California Supreme Court, which denied review of his case.  (Id. at

10   38.)  Plaintiff then sought certiorari in the United States Supreme Court, which also denied

11   review.  (Id. at 55.)

12           In the years since the conclusion of Barroga I, plaintiff has continued to file

13   complaints in both state and federal courts alleging defendant's wrongdoing in connection with

14   denying retirement benefits to plaintiff.   Since Barroga I, these courts have found plaintiff's

15   claims to be procedurally barred by claim preclusion or, for filings in federal court, barred by

16   defendant's Eleventh Amendment immunity.[3]  (E.g., id. at 59-60, 64-66.)

17      B.    The Present Action

18           Nearly fifteen years after the United States Supreme Court denied certiorari with

19   respect to Barroga I, and after multiple failed attempts to bring the same claims in other courts,

20   _____

21        [3]  Recently, plaintiff made multiple attempts at re-litigating his case in the U.S. District
     Court for the Central District of California, even after the Ninth Circuit Court of Appeals
22   affirmed the district court's May 2007 ruling that plaintiff's claims were barred under the
     doctrine of res judicata.  (Dkt. No. 1 at 99-100.)  Plaintiff's multiple attempts at re-litigating his
23   case in that district led the court to issue an order in 2009 requiring plaintiff to obtain leave of
     court before filing subsequent pleadings or other documents.  (Id. at 119.)  Despite that order,
24   plaintiff attempted to file a complaint multiple times in the years between the issuance of that
     order and the filing of his complaint in the current action.  (E.g., id. at 120-23.)  The district court
25   denied every one of plaintiff's motions for leave to file a complaint, with the last denial occurring
     in February of 2012, mere months before plaintiff filed what is essentially the same complaint in
26   this court, including plaintiff's erroneous reference to this court as the United States District
     Court for the Central District of California.  (Id. at 1; Dkt. No. 1-1 at 126.)

1  plaintiff filed his complaint in this action.  The complaint consists of a nearly 300 page document

2  that includes a memorandum of points and authorities and a long list of exhibits detailing nearly

3  every motion filed and order issued in state and federal court for over 20 years regarding

4  plaintiff's claims against defendant.  (See Dkt. Nos. 1, 1-1.)

5        The complaint includes a brief statement of factual allegations.  (Compl., Dkt. No.

6  1 at 2-3.)  Plaintiff alleges that when he became eligible to retire from his job with the City of El

7  Segundo he went to one of defendant's offices to apply for retirement benefits.  (Id. at 2.)  He

8  alleges further that he was told that he could receive his benefits either through an immediate

9  lump-sum payment, which paid out his personal contributions but withheld his employer's

10  contributions, or through monthly payments; plaintiff chose the lump sum payment.  (Id.)  Some

11  years later, plaintiff went back to defendant's office seeking to redeposit his withdrawn

12  contributions so that he could receive a monthly pension.  (Id. at 3.)  Plaintiff alleges that

13  defendant told him that he could not redeposit funds and receive monthly benefits because he

14  ceased to be a member of the fund once he had withdrawn his personal contributions.  (Id.)

15        Plaintiff bases his claims for relief on several grounds.  He alleges that

16  defendant's determination that he is no longer a member of CalPERS and defendant's denial of

17  his retirement benefits violated the Equal Protection Clause of the Fourteenth Amendment, the

18  Thirteenth Amendment's prohibition on slavery, and several sections of the California

19  Government Code.  (Id. at 24-25.)  Plaintiff alleges that, as a result of defendant's actions, he

20  entitled to a declaratory judgment that he is "still a member of PERS" and is "entitled to

21  retirement benefits and the redeposit of the withdrawn contributions."  (Id. at 24.)  Plaintiff also

22  alleges that he is entitled to the accumulated amount of pension funds that defendant has

23  allegedly withheld from him over the years and monthly pension payments starting from January

24  2012.  (Id. at 25.)

25  ////

26  ////

4

II.     LEGAL STANDARDS

    A.     *Federal Rule 12(b)(1)*

    A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").  When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert. denied, 489 U.S. 1052 (1989); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence.").  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 130 S. Ct. 1181 (2010); see also Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) ("In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit 'affidavits or any other evidence properly before the court . . . .  It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.") (citation omitted, modification in original).

1    B. *Federal Rule 12(b)(6)*

2    A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

3 challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

4 Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Federal pleading standards require the

5 presentation of factual allegations sufficient to state a plausible claim for relief as to each

6 defendant.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege

7 facts, not simply conclusions, that show that an individual was personally involved in the

8 deprivation of civil rights").  A pleading is insufficient if it offers mere "labels and conclusions"

9 or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555;

10 Iqbal, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by

11 mere conclusory statements, do not suffice.").  The mere possibility of misconduct falls short of

12 meeting this plausibility standard.  Twombly, 550 U.S. at 545.  However, "[s]pecific facts are not

13 necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim

14 is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting

15 Twombly, 550 U.S. at 555) (citations and internal quotations omitted).

16    A complaint should be dismissed for failure to state a claim if, taking all

17 well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

18 relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

19 Cir. 2010) (quoting Iqbal, 556 U.S. at 678-79.)  "'A claim has facial plausibility when the

20 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

21 defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc.,

22 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678-79).  The court accepts all of

23 the facts alleged in the complaint as true and construes them in the light most favorable to the

24 plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however,

25 required to accept as true conclusory allegations that are contradicted by documents referred to in

26 the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely

1  because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and

2  quotation marks omitted).

3          In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may

4  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

5  and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont,

6  506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court

7  may not consider a memorandum in opposition to a defendant's motion to dismiss to determine

8  the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corr., 151 F.3d 1194,

9  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

10  whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

11  2003) (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir.

12  2001)).

13          The court must construe a pro se pleading liberally to determine if it states a claim

14  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and provide an opportunity

15  to cure those deficiencies if it appears at all possible that the plaintiff can do so.  See Lopez v.

16  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

17  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

18  particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

19  n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

20  evaluating them under Iqbal).

21  III.    DISCUSSION

22

23          A.    The Eleventh Amendment Bars This Court From Hearing Plaintiff's Claims
                Because Defendant Is Entitled To Sovereign Immunity

24          Defendant argues that this court lacks subject matter jurisdiction because

25  defendant is a state agency entitled to immunity under the Eleventh Amendment.  (Dkt. No. 21 at

26  10.)  Defendant's argument is well-taken.

1      The Eleventh Amendment to the United States Constitution provides: "The

2  Judicial power of the United States shall not be construed to extend to any suit in law or equity,

3  commenced or prosecuted against one of the United States by Citizens of another State, or by

4  Citizens or Subjects of any Foreign State."  The Eleventh Amendment prohibits federal courts

5  from hearing suits brought against a state by its own citizens or citizens of other states.  Brooks

6  v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  "[A]bsent waiver

7  by the State or valid congressional override, the Eleventh Amendment bars a damages action

8  against a State in federal court."  Kentucky v. Graham, 473 U.S. 159, 169 (1985); accord Pittman

9  v. Ore., Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2009); Henry v. County of Shasta,

10  132 F.3d 512, 517 (9th Cir. 1997).  "It is clear, of course, that in the absence of consent a suit in

11  which the State or one of its agencies or departments is named as the defendant is proscribed by

12  the Eleventh Amendment."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984)

13  "This jurisdictional bar applies regardless of the nature of the relief sought."  Id.

14      The Eleventh Amendment's prohibition applies not only to states, but also to state

15  agencies.  E.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding

16  that claims against the California Department of Corrections were barred by state immunity);

17  Durning v. Citibank, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (noting that the Eleventh

18  Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of

19  a state' is a defendant"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada

20  Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh

21  Amendment.").  "In the absence of a waiver by the state or a valid congressional override,

22  '[u]nder the eleventh amendment, agencies of the state are immune from private damage actions

23  or suits for injunctive relief brought in federal court.'"  Dittman v. California, 191 F.3d 1020,

24  1026 (9th Cir. 1999) (quoting Mitchell v. L.A. Cmty. College Dist., 861 F.2d 198, 201 (9th Cir.

25  1989)) (modification in original); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

26  89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or

1   one of its agencies or departments is named as the defendant is proscribed by the Eleventh

2   Amendment."); accord Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007)

3   ("The Eleventh Amendment bars suits for money damages in federal court against a state, its

4   agencies, and state officials acting in their official capacities.").

5          To determine whether an agency is an "arm of the state" for purposes of the

6   Eleventh Amendment, a court applies a multi-factored balancing test.[4]  See Mitchell, 861 F.2d

7   at 201.  Although defendant did not address these factors in its moving papers, various courts

8   have persuasively concluded that CalPERS is such an agency or arm of the state for the purposes

9   of the Eleventh Amendment.  See e.g., Ret. Pub. Employees' Ass'n, Chapter 22 v. California,

10   614 F. Supp. 571, 581 (N.D. Cal. 1984) (finding that the Eleventh Amendment was a

11   constitutional bar to the federal court's jurisdiction to hear "a pendant state claim against the

12   state and state officials and agencies" because the defendants, including CalPERS, were "the

13   state and state officials and agencies" immune from suit) rev'd on other grounds, 799 F.2d 511

14   (9th Cir. 1986); Cal. Pub. Employees' Ret. Sys. v. Moody's Corp., Nos. C 09–03628 SI, C

15   09–03629 JCS, 2009 WL 3809816, at *6 (N.D. Cal. Nov. 10, 2009) (unpublished) (finding a lack

16   of diversity jurisdiction because CalPERS is an "arm of the state") (citing cases).  Additionally,

17   California considers CalPERS as part of one of its state agencies.  See Cal. Gov't Code § 20002

18   (2012) (stating that CalPERS "is a unit of the [California] State and Consumer Services

19   Agency"); City of Anaheim v. State of California, 189 Cal. App. 3d 1478, 1482 (1987) (referring

20   to CalPERS as "a state agency").

21   ////

22   ////

23

24          [4]  In Mitchell, the Ninth Circuit Court of Appeals stated: "To determine whether a
    governmental agency is an arm of the state, the following factors must be examined: whether a
    money judgment would be satisfied out of state funds, whether the entity performs central
25   governmental functions, whether the entity may sue or be sued, whether the entity has the power
    to take property in its own name or only the name of the state, and the corporate status of the
26   entity."  Mitchell, 861 F.2d at 201.

9

1    In any event, plaintiff does not dispute the characterization of defendant as a "state

2  agency" within the meaning of the Eleventh Amendment.[5]   Accordingly, defendant enjoys

3  sovereign immunity, and the issue becomes whether plaintiff adequately alleges that defendant

4  elected to waive its immunity.

5    Plaintiff contends in his complaint and opposition brief that "PERS wanted this

6  case tried in court," and waived its Eleventh Amendment immunity.  (Compl. at 2; Opp'n, Dkt.

7  No. 23 at 2.)  In arguing that waiver occurred, plaintiff cites to, and selectively quotes out of

8  context, a letter sent to him in 1995 by a deputy general counsel for defendant: "unless and until

9  we are ordered to do so by a court" [sic] "I . . . urge you to seek . . . an attorney" [sic].  (Dkt. No.

10  1 at 2, 40; Dkt. No. 23 at 2.)  A review of this letter, and of the appropriate portions of the

11  pleading and exhibits thereto, confirms that plaintiff has not plausibly alleged that defendants

12  intentionally waived immunity from suit in this court.  See Edelman v. Jordan, 415 U.S. 651, 673

13  (1974) ("[W]e will find waiver only where stated by the most express language or by such

14  overwhelming implications from the text as (will) leave no room for any other reasonable

15  construction") (internal quotation marks omitted); Petty v. Tennessee-Missouri Bridge Comm'n,

16  359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be

17  lightly inferred."); Rasmus v. State of Arizona, 939 F. Supp. 709, 720 (D. Ariz. 1996) (holding

18  that a letter sent by counsel for defendant school district to the court stating that the parties

19  "agreed to waive any applicable Eleventh Amendment immunity claim" prior to the matter's

20  initiation in federal court was not sufficient to waive defendant's immunity).  Accordingly, the

21  undersigned concludes that plaintiff has not plausibly alleged a waiver of defendant's Eleventh

22  Amendment immunity.  See Caviness, 590 F.3d at 812 (for claims to be plausibly alleged, they

23

24    [5]  In both his complaint and his opposition brief, plaintiff argues that his claims against
defendant are not barred by the Eleventh Amendment "because PERS wanted this case tried in
25  court," thereby implying that it possesses an immunity that it could waive.  (Compl. at 2; Opp'n
at 2.)  However, nowhere in his complaint or opposition brief does plaintiff contend that
26  defendant is not a state agency within the meaning of the Eleventh Amendment.

1   must allow courts to make reasonable inferences from the alleged facts).  Plaintiff has not

2   suggested any ability to amend his pleading to allege additional facts suggesting that he could

3   plausibly allege a waiver of immunity.  (See generally, Opp'n, Dkt. No. 23.)  Accordingly,

4   defendant's motion to dismiss should be granted on grounds that plaintiff's claims against it are

5   barred by Eleventh Amendment immunity, and plaintiff's complaint should be dismissed with

6   prejudice.

7          B.      Defendant Has Not Adequately Asserted The Affirmative Defense Of Claim
                   Preclusion
8

9          Even though Eleventh Amendment immunity shields defendant from suit in

10  federal court, for the sake of completeness, the undersigned also addresses defendant's additional

11  argument that plaintiff's claims are barred by the doctrine of claim preclusion.  (Dkt. No. 21 at

12  10-12.)  "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or

13  could have been raised' in a prior action."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.

14  2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).

15  "'It is now settled that a federal court must give to a state-court judgment the same preclusive

16  effect as would be given that judgment under the law of the State in which the judgment was

17  rendered' under the Constitution's Full Faith and Credit Clause and under 28 U.S.C. § 1738."[6]

18  Holcombe v. Hosmer, 477 F.3d 1094, 1097 (2007) (quoting Migra v. Warren City Sch. Dist. Bd.

19  of Educ., 465 U.S. 75, 81(1984)); see also Kremer v. Chem. Const. Corp., 456 U.S. 461, 466

20  (1982).

21         Where a prior judgment was rendered in *state court* and a party asserts claim

22  preclusion in a subsequent federal action, the legal standard for whether claim preclusion applies

23  is California's "primary rights" analysis rather than the federal "transactional nucleus" analysis.

24

25         [6]  28 U.S.C. § 1738 states, in pertinent part: "[J]udicial proceedings . . . shall have the
    same full faith and credit in every court within the United States and its Territories and
26  Possessions as they have by law or usage in the courts of such State, Territory or Possession from
    which they are taken."

1   See Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009); Howard v. Am. Online Inc., 208 F.3d

2   741, 748 (9th Cir. 2000) ("The preclusive effect of a state court judgment in federal court is

3   based on state preclusion law.") (citing Eichman v. Fotomat Corp., 759 F.2d 1434, 1437 (9th Cir.

4   1985)).  In Brodheim, a federal district court erroneously applied the federal "transactional

5   nucleus of facts" standard, which is typically used "to analyze the preclusive effect of prior

6   *federal* court judgments," even though the prior judgment was from California state court.  See

7   id. (emphasis in original).  The Ninth Circuit Court of Appeals reversed on grounds that the

8   district court should have applied California's "primary rights" standard in evaluating whether

9   plaintiff's claims were precluded by the prior state court decision.  Id.  The court in Brodheim

10  clarified that, "Under 28 U.S.C. § 1738, federal courts are required to give state court judgments

11  the preclusive effects they would be given by another court of that state.  [Citations.] . . . Unlike

12  the federal courts, which apply a 'transactional nucleus of facts' test, 'California courts employ

13  the 'primary rights' theory to determine what constitutes the same cause of action for claim

14  preclusion purposes."  Id. (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84

15  (1984); Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004)).

16          Under the "primary rights" analysis, "if two actions involve the same injury to the

17  plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in

18  the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief

19  and/or adds new facts supporting recovery."  Id. at 1268 (quotation marks omitted) (quoting

20  Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)).  "What is critical to the

21  analysis 'is the harm suffered; that the same facts are involved in both suits is not conclusive.'"

22  San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 734

23  (9th Cir. 2009) (quoting Agarwal v. Johnson, 25 Cal.3d 932 (1970)).

24          Here, defendant failed to cite to the correct legal standard in asserting its claim

25  preclusion defense at this procedural posture.  Instead of citing to the "primary rights" standard

26  used under California law, defendant erroneously analyzes this case under the federal

1  "transactional nucleus of facts" test, just as the district court erroneously did in Brodheim. (See

2  Dkt. No. 21 at 11.)  Additionally, what defendant does argue with respect to claim preclusion

3  does not necessarily otherwise demonstrate claim preclusion under the applicable "primary

4  rights" standard.  Defendant claims that "plaintiff's complaint reveals that the instant action is yet

5  another attempt to rehash his entitlement to CalPERS retirement benefits which he has been

6  litigating for the last 21 years." (Id.)  While this may be so, "different primary rights may be

7  violated by the same wrongful conduct," San Diego Police Officers' Ass'n, 568 F.3d at 734, and

8  defendant fails both to clearly articulate what "primary right" was at issue in Barroga I and to

9  clearly explain how plaintiff asserts that same "primary right" in this action.  Accordingly,

10  defendant has failed to adequately demonstrate that claim preclusion is grounds for dismissing

11  this case at the pleading stage, and defendant's motion to dismiss is therefore partially denied.

12  See Corrie, 503 F.3d at 977 (holding that, at the pleading stage, the court must construe the

13  alleged facts in the light most favorable to the plaintiff).[7]

14          Notwithstanding the foregoing, as the undersigned stated during the hearing, it

15  appears very likely that defendant could sufficiently show claim preclusion in this case even

16  under the applicable "primary rights" analysis, perhaps if given the opportunity to file

17  supplemental briefing.  However, given that the undersigned recommends dismissal of this case

18  on grounds of Eleventh Amendment immunity, no additional filings on this issue are necessary at

19  this time.

20          C.      Plaintiff's Other Filings

21          On October 12, 2012, plaintiff filed a motion styled as "Plaintiff's Motion for

22  Judgment on the Pleadings to be Heard Concurrently With Defendant's Motion to Dismiss."

23  (Dkt. No. 28.)  The motion essentially summarizes the content of plaintiff's written opposition to

24

---

25          [7] Claim preclusion is an affirmative defense.  Taylor v. Sturgell, 553 U.S. 880, 907
    (2008).  Therefore, the party seeking to apply this doctrine bears the burden of proving the
26  existence of all of the required elements.  Id.

1  defendant's motion to dismiss and the other filings he has made during the course of this

2  litigation.  (Compare id. with Opp'n, Dkt. No. 23.)  Accordingly, the filing is more appropriately

3  characterized as a supplemental opposition brief.[8]  However, to the extent that plaintiff's filing at

4  Docket Number 28 could be construed as a motion for judgment on the pleadings, the

5  undersigned recommends that the motion be denied as moot because defendant is entitled to

6  dismissal of this case due to Eleventh Amendment immunity.

7          Plaintiff's motion also references an earlier filing entitled "Magistrate Judge Has

8  No Jurisdiction in This Case, So His Order is Invalid" (Dkt. No. 13).  (Dkt. No. 28 at 1-2.)  In

9  both his motion and the prior filing plaintiff attacks the validity of the undersigned's order issued

10  July 5, 2012, which denied plaintiff's motion for default judgment for improper service of his

11  complaint upon defendant (Dkt. No. 9).  The undersigned has already issued an order addressing

12  plaintiff's earlier filing and noting that it was not a proper motion or request for reconsideration

13  and explaining that in any event, the undersigned does have jurisdiction to rule on plaintiff's

14  pretrial motions.  (Dkt. No. 18.)  Eastern District Local Rule 302 generally states the rule giving

15  the undersigned the authority to issue orders and findings and recommendations in this action,

16  and Local Rule 302(c)(21) specifically applies to this matter given plaintiff's pro se status.

17  Additionally, plaintiff's motion for judgment on the pleadings again fails to conform to the

18  requirements for an application for reconsideration under the local rules.  See E. Dist L. R.

19  230(j).  To the extent the motion could be construed as a motion for reconsideration, it is denied

20  for this reason and for the same reasons described in the undersigned's prior order.  (Dkt. No.

21  18.)

22          Finally, on October 15, 2012, plaintiff made an additional filing entitled "Request

23  for Observance of Cal. Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case."

24  (Dkt. No. 29.)  Therein, plaintiff asserts that his claim for declaratory relief should give this case

25

26          [8]  While filing of such a "supplemental opposition brief" violates the Federal Rules of
Civil Procedures and this court's Local Rules, nevertheless the undersigned has considered it.

1   precedence over other cases and that this case should be set for trial at the earliest date possible,

2   pursuant to California Code of Civil Procedure section 1062.6(2).  (Id.)  However, the California

3   Code of Civil Procedure is not applicable in federal court, where proceedings are governed by the

4   Federal Rules of Civil Procedure.  Accordingly, plaintiff's request is denied.  To the extent that

5   plaintiff requests that his case be heard in a timely manner, the undersigned ensures that this case

6   will proceed in accordance with the governing law.

7            D.       Sanctions

8            Defendant did not request sanctions in connection with the Motion to Dismiss,

9   and the undersigned will not sanction plaintiff at this time.  (Dkt. No. 21.)  However, given

10  plaintiff's history of repeatedly attempting to re-litigate the same case, recently in the Central

11  District and now in the Eastern District, all without any possible legal basis for doing so, and

12  given plaintiff's apparent disregard for court orders issued in the Central District requiring him to

13  seek leave before filing documents, all of which is apparent from the face of plaintiff's pleadings,

14  see footnotes 2-3 herein, the undersigned *shall* sanction plaintiff if he continues to attempt to re-

15  litigate the same case before the undersigned.  Should plaintiff improperly file subsequent actions

16  before other judges in this district and/or in other courts, the undersigned encourages defendants

17  to request sanctions in those cases.

18  VI.      CONCLUSION

19           For the foregoing reasons, IT IS RECOMMENDED that:

20           1.       Defendant's motion to dismiss (Dkt. No. 21) be granted in part, and this

21  case be dismissed with prejudice on grounds of Eleventh Amendment immunity.

22           2.       Plaintiff's filing at Docket Number 28, styled as a Motion for Judgment on

23  the Pleadings, be denied as moot.

24           3.       Plaintiff's filing at Docket Number 29, styled as a "Request for

25  Observance of Cal. Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case," be

26  denied.

1        4.      The Clerk of Court be ordered to close this case.

2        These findings and recommendations are submitted to the United States District

3 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4 days after being served with these findings and recommendations, any party may file written

5 objections with the court and serve a copy on all parties.  Such a document should be captioned

6 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

7 within the specified time may waive the right to appeal the District Court's order.  <u>Turner v.</u>

8 <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir.

9 1991).

10        IT IS SO RECOMMENDED.

11 DATED:  October 25, 2012

12

13        _____

14        KENDALL J. NEWMAN
          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26